IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JAMES LEVOY WATERS,
    Petitioner,

vs.                                 Case No.:  3:14cv65/MCR/EMT

SECRETARY, FLORIDA DEPARTMENT
OF CORRECTIONS,
    Respondent.
_____/

**REPORT AND RECOMMENDATION**

       This cause is before the court on a petition for writ of habeas corpus filed by Petitioner under 28 U.S.C. § 2254 (doc. 1).  Respondent filed a motion to dismiss the petition as impermissibly second or successive, pursuant to 28 U.S.C. § 2244(b) (doc. 7).  Petitioner filed a response to the motion to dismiss, contending that his habeas petition should not be dismissed but instead transferred to the Eleventh Circuit Court of Appeals for consideration (doc. 10).

       The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters.  *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b).  After careful consideration of all issues raised by Petitioner, it is the opinion of the undersigned that no evidentiary hearing is required for the disposition of this matter, Rules Governing Section 2254 Cases 8(a).  It is further the opinion of the undersigned that the record before the court shows that the petition is subject to dismissal as an unauthorized "second or successive" habeas corpus application, and that dismissal, rather than transfer, is appropriate.

I.      BACKGROUND AND PROCEDURAL HISTORY

       Following a jury trial in the Circuit Court in and for Escambia County, Florida, Petitioner was convicted of second degree murder and sentenced to life imprisonment (*see* doc. 1 at 1–2).  The

Florida First District Court of Appeal ("First DCA") affirmed the judgment on May 20, 2002 (*see* doc. 1 at 2). *See* <u>Waters v. State</u>, 816 So. 2d 615 (Fla. 1st DCA 2002) (Table). In 2005, Petitioner sought federal habeas corpus relief under 28 U.S.C. § 2254 in this district court (*see* doc. 1 at 3). *See* <u>Waters v. McDonough</u>, Case No. 3:05cv393/RV/MD, Petition (N.D. Fla. Oct. 17, 2005). The district court, adopting the report and recommendation of the magistrate judge, denied the petition (*see* doc. 1 at 3). *See* <u>Waters</u>, Case No. 3:05cv393/RV/MD, Order Adopting Report and Recommendation (N.D. Fla. Sept. 22, 2006). Petitioner filed a notice of appeal and motion for certificate of appealability. *See id.*, Notice of Appeal and Motion for Certificate of Appealability (N.D. Fla. Oct. 24, 2006). The Eleventh Circuit denied Petitioner's motion for certificate of appealability. *See id.*, Mandate (N.D. Fla. Jan. 17, 2007).

Petitioner filed the instant § 2254 petition on February 10, 2014 (doc. 1). He challenges the same state court judgment on the following grounds:

> Ground One: "The erroneous jury instruction given at trial for the crime of manslaughter so infected the entire trial that the resulting conviction violated Due Process."
>
> Ground Two: "Use of the standard jury instruction for the lesser included offense of manslaughter by act fundamentally denied Due Process and violated Ex Post Facto."

(doc. 1 at 10, 5–23). At the heart of Petitioner's claims is the Supreme Court of Florida's decision in <u>State v. Montgomery</u>, 39 So. 3d 252 (Fla. 2010), in which the state supreme court held that the standard jury instruction for the crime of manslaughter by act, which was the standard instruction used in Petitioner's trial, erroneously required the jury to find that the defendant intended to kill the victim, instead of requiring the jury to find that the defendant intended to commit an act which caused the victim's death. 39 So. 3d at 257. The state supreme court further held that use of the erroneous jury instruction constituted fundamental error. *Id.* at 258. Petitioner asserts an ex post facto claim based upon the argument that the use of the standard instruction in effect at the time of his trial in 2001, which was the instruction that the <u>Montgomery</u> court determined was erroneous, instead of the standard instruction in effect at the time of the offense in 1993, constituted an ex post facto violation.

II.   ANALYSIS

  A.   "Second or Successive" Petition

Federal courts are courts of limited jurisdiction, and may only hear cases where authorized by the Constitution and by statute. *See* Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994). Section 2244 provides, in relevant part:

> **(a)** No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255.
>
> **(b)(1)** A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
>
> **(2)** A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless—
>
>   **(A)** the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
>   **(B)(i)** the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
>   **(ii)** the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.
>
> **(3)(A)** <u>Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application</u>.

28 U.S.C. § 2244 (emphasis added). A district court lacks the jurisdiction to hear a second or successive § 2254 petition absent authorization from a Court of Appeals. 28 U.S.C. § 2244(b)(3)(A).

Here, Petitioner does not dispute that the instant petition qualifies as a "second or successive" petition. Further, review of the magistrate judge's report and recommendation in

Petitioner's first habeas action, which the district judge adopted, demonstrates that Petitioner's 2005 petition qualified as a first petition for the purpose of determining successor status, because the 2005 federal petition, which asserted six claims, was denied on the ground that some claims were procedurally defaulted, some claims were not cognizable in federal habeas, and some claims failed to demonstrate a meritorious basis for federal habeas relief.[1]  *See* Waters, Case No. 3:05cv393/RV/MD, Report and Recommendation (N.D. Fla. Aug. 31, 2006).  Further, the fact that the Supreme Court of Florida decided Montgomery after Petitioner filed his first federal petition in 2005 did not render his federal claims unripe in 2005.  Petitioner could have challenged the manslaughter instruction in state court, as did Mr. Montgomery; and then if unsuccessful, he could have challenged it in his first habeas petition.[2]  *See* Tompkins v. Sec'y Dep't of Corr., 557 F.3d 1257, 1260 (11th Cir. 2009) (per curiam) (noting that claims regarding constitutional violations occurring at trial or sentencing are ripe for inclusion in a first habeas petition, and nothing in Panetti changed that).  Therefore, the undersigned concludes that the instant petition is "second or successive" for purposes of § 2244(b)(3).[3]

---

[1] Some types of collateral challenges do not render subsequent habeas petitions "second or successive."  *See* Panetti v. Quarterman, 551 U.S. 930, 945,127 S. Ct. 2842, 168 L. Ed. 2d 662 (2007) (a claim of incompetency under Ford v. Wainwright, 477 U.S. 399, 106 S. Ct. 2595, 91 L. Ed. 2d 335 (1986) was not successive, because the claim was not ripe until the petitioner's execution was scheduled); Slack v. McDaniel, 529 U.S. 473, 486–87, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000) (dismissal of petitioner's § 2254 claims for failure to exhaust state remedies does not render subsequent petition second or successive); Stewart v. United States, 646 F.3d 856, 865 (11th Cir. 2011) ("Because the basis for his Johnson [v. United States, 544 U.S. 295, 125 S. Ct. 1571, 161 L. Ed. 2d 542 (2005)] claim did not exist before his proceedings on his initial § 2255 motion concluded, Stewart's numerically second motion is not "second or successive," and § 2255(h)'s gatekeeping provision does not apply. . . . Stewart's situation falls within what the Fifth Circuit recognized is a small subset of unavailable claims that must not be categorized as successive."); McGiver v. United States, 307 F.3d 1327, 1332 (11th Cir. 2002) (successful motion to file out-of-time notice of appeal does not render subsequent collateral proceedings "second or successive"); Reeves v. Little, 120 F.3d 1136, 1139 (10th Cir. 1997) (prior habeas action challenging only the constitutionality of state's system of processing indigent criminal appeals does not render later § 2254 petition successive); Benton v. Washington, 106 F.3d 162, 165 (7th Cir. 1996) (§ 2254 petition dismissed for failure to pay required filing fees not counted as first petition for purpose of determining successor status).

[2] At the time of Petitioner's trial in 2001 and appeal to the First DCA in 2002, there was a split of authority in the Florida district courts as to whether manslaughter by act had intent to kill as an element, as noted by the First DCA in its Montgomery opinion.  *See* Montgomery, 70 So. 3d 603, 604–05 (Fla. 1st DCA 2009) (citations omitted).  Petitioner's counsel thus could have asserted a Montgomery-like challenge to the manslaughter instruction at Petitioner's trial and on direct appeal to the First DCA.

[3] Even if this court had jurisdiction to consider Petitioner's § 2254 petition, it likely would be subject to dismissal as untimely.  As noted, Petitioner's claims are based upon the state supreme court's Montgomery decision, which was rendered on April 8, 2010.  Montgomery, 30 So. 3d 252.  Assuming arguendo that Montgomery triggered

Petitioner does not allege he obtained the requisite permission from the Eleventh Circuit Court of Appeals prior to filing the instant § 2254 petition. His failure to obtain permission from the Eleventh Circuit prior to filing the instant petition operates as a jurisdictional bar that precludes this district court's consideration of the merits of the petition. *See* 28 U.S.C. § 2244(b)(3)(A); Fugate v. Dep't of Corrections, 310 F.3d 1287, 1288 (11th Cir. 2002).

B.  Transfer versus Dismissal

Title 28 U.S.C. § 1631 provides:

> Whenever a civil action is filed in a court as defined in section 610 of this title or an appeal, including a petition for review of administrative action, is noticed for or filed with such a court and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed, and the action or appeal shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred.

28 U.S.C. § 1631. Here, Petitioner does not present any circumstances suggesting it is in the interest of justice to transfer his petition to the Eleventh Circuit. Therefore, dismissal of the petition is appropriate.

III. CERTIFICATE OF APPEALABILITY

As amended effective December 1, 2009, § 2254 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), Rules Governing Section 2254 Cases.

---

the one-year federal limitations period set forth in § 2244(d), Petitioner admits he waited until June of 2012 (more than two years after Montgomery) to exhaust his claims in the state courts (*see* doc. 1 at 7–9). Petitioner does not allege any circumstances from April 9, 2010 to April 9, 2011, that would warrant equitable tolling of the one-year federal limitations period. Further, the fact that Petitioner did not discover the Montgomery decision until "just prior to June 28, 2012" (*see* doc. 1 at 7) would not warrant equitable tolling. *See* Felder v. Johnson, 204 F.3d 168, 171–73 (5th Cir. 2000) (holding that ignorance of the law is insufficient rationale for equitable tolling); Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000) (neither inmate's ignorance of the law, nor inadequacy of services of inmate law clerk who helped draft habeas petition, nor fact that prison law library was closed for 15 days, entitled petitioner to equitable tolling of limitations period).

Case No.: 3:14cv65/MCR/EMT

The undersigned finds no substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2); <u>Slack v. McDaniel</u>, 529 U.S. 473, 483–84, 120 S. Ct. 1595, 1603–04, 146 L. Ed. 2d 542 (2000) (explaining how to satisfy this showing) (citation omitted).  Therefore, the undersigned recommends that the district court deny a certificate of appealability in its final order.

The second sentence of new Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  Thus, if there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully **RECOMMENDED**:

1. That Respondent's motion to dismiss (doc. 7) be **GRANTED**.

2. That Petitioner's habeas petition (doc. 1) be **DISMISSED for lack of jurisdiction**, pursuant to 28 U.S.C. § 2244(b).

3. That a certificate of appealability be **DENIED**.

At Pensacola, Florida, this 1st day of July 2014.


*/s/ Elizabeth M. Timothy*
**ELIZABETH M.  TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**


**NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon the magistrate judge and all other parties.  Failure to object may limit the scope of appellate review of factual findings.**  *See* **28 U.S.C. § 636; <u>United States v. Roberts</u>, 858 F.2d 698, 701 (11th Cir. 1988).**